# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2007

Charles R. Fulbruge III
Clerk

No. 05-41817
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ELHIM HERNANDEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-952-1

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit Judges

PER CURIAM:*

Elhim Hernandez pleaded guilty to conspiracy to possess with intent to distribute and possession with intent to distribute over 100 kilograms of marijuana, and he was sentenced to 78 months of imprisonment and four years of supervised release.

Hernandez argues on appeal that the district court clearly erred in increasing his offense level pursuant to U.S.S.G. § 3B1.1(c) based on his role as

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

an organizer, leader, supervisor, or manager. Because testimony at sentencing supports a determination that Hernandez asserted control or influence over at least one other participant in the crime, the district court did not clearly err in applying the § 3B1.1(c) adjustment. See § 3B1.1, comment. (n.2); United States v. Rose, 449 F.3d 627, 633 (5th Cir. 2006).

Hernandez also argues on appeal that the district court clearly erred in increasing his offense level by two levels pursuant to U.S.S.G. § 3C1.1 for obstruction of justice. However, the district court did not clearly err in applying the § 3C1.1 adjustment because its determination that Hernandez's statements to his co-defendants constituted threats against speaking with authorities was plausible in light of the record as a whole. See United States v. Mann, 493 F.3d 484, 498 (5th Cir. 2007); Rose, 449 F.3d at 633; United States v. Brown, 54 F.3d 234, 242 (5th Cir. 1995).

AFFIRMED.